Filed: 2/15/2023 6:03 PM
Michael Gould
District Clerk
Collin County, Texas
By Rachel Bail Deputy
Envelope ID: 72812207

CAUSE NO. 471-00752-2023

| | | |
|---|---|---|
| 701 LEGACY DRIVE, LLC;<br>701 LEGACY DRIVE II, LLC;<br>701 LEGACY DRIVE IV, LLC<br>    PLAINTIFF<br><br>vs.<br><br>GENERAL STAR INDEMNITY<br>COMPANY<br>    DEFENDANT | § § § § § § § § § § | IN THE DISTRICT COURT OF<br><br>COLLIN COUNTY, TEXAS<br><br><br>_____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **701 LEGACY DRIVE, LLC; 701 LEGACY DRIVE II, LLC; 701 LEGACY DRIVE IV, LLC** (hereinafter, referred to as Plaintiff), and file this, its **Original Petition**, and for causes of action against **GENERAL STAR INDEMNITY COMPANY** ("**GENERAL STAR**") (hereinafter, referred to as "Defendant"), would show unto the Court and the jury the following:

    **A.**    **DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under **Level 3** of Tex.R.Civ.P.190.

    **B.**    **PARTIES AND SERVICE OF PROCESS**

2. Plaintiff owns the property that is the subject of this lawsuit and is situated at 701 Legacy Drive, Plano, Texas 75023.

3. Defendant, **GENERAL STAR** is an insurance company registered to engage in the business of insurance in the state of Texas. This Defendant may be served with personal service by a process server, by servicing its **Corporate Secretary, Attention: Legal Department, General Star Indemnity Company, 120 Long Ridge Road, Stamford, CT 06902-1843**.

    **C.**    **STATUTORY AUTHORITY**

4. This suit is being brought in part, under the Tex. Bus. & Comm. Code, Sec. 17.41 *et seq.*, commonly known as the Deceptive Trade Practices and Consumer Protection Act, and

cited in this Petition as "DTPA". This suit is also brought in part, under the Texas Insurance Code, Chap. 541.151 *et seq.,* Chap. 541.051 *et seq.,* Chap. 542.051 *et se.,* and Tex. Civ. & Rem. Code §38.01 *et seq.*

### D. JURISDICTION

5. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $200,000 and demand for judgment for all the other reliefs to which the parties deem itself entitled.

6. The Court has jurisdiction over Defendant, **GENERAL STAR**, because Defendant engages in the business of insurance in the state of Texas and the causes of action arise out of Defendant's business activities in the state of Texas.

### E. VENUE

7. Venue for this suit for breach of a written contract is permissive in Dallas County under Texas Civil Practice & Remedies Code section 15.035(a) because this county was identified as the county wherein the insured property is located and the place for an obligation under the contract to be performed pursuant to the first party property insurance contract referenced herein.

### F. NOTICE AND CONDITIONS PRECEDENT

8. Defendants have been provided notice, in writing, of the claims made by Plaintiff in this petition, including Plaintiffs' actual damages and expenses in the manner and form required.

9. All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

### G. FACTS

10. This lawsuit arises out of the following transactions, acts, omissions, and/or events.

11. All payments on the policy were current, and the policy was in full force on the date of the loss. Although the claim was submitted in proper form and within the time specified

in the insurance policy, Defendant **GENERAL STAR**, has failed to pay for all of the damages, failed to properly adjust the claim, and failed to properly estimate the value of such damages. In fact, Defendant **GENERAL STAR** has improperly delayed the adjustment of the claim and intentionally misrepresented the facts and circumstances of this loss from the Plaintiff.

12. The Plaintiff's property, insured by **GENERAL STAR,** was severely damaged by a freeze storm occurring on February 16, 2021.

13. Plaintiff promptly reported its property damage to **GENERAL STAR**.

14. Upon receiving notice of the Claim, **GENERAL STAR** assigned D'Brook (D'Brook), as its designated loss adjusters. D'Brook Representative, Matthew Holberton ("Holberton") was assigned to investigate and adjust Plaintiff's claim and damages.

15. On or about June 2021, D'Brook retained the services of an outcome-oriented engineer, Richard Windham ("Windham") of UBSE, to perform an engineering inspection of the Properties.

16. On or about June 28, 2021, UBSE performed an inspection of the Properties. UBSE conducted a substandard inspection of Plaintiff's Properties exteriors and the freeze damage on behalf of **GENERAL STAR**.

17. The Plaintiff retained APEX Public Adjusters Inc. ("APEX") to handle all matters related to the insurance claim. APEX conducted a more reasonable inspection and evaluation of all damages caused by the freeze.

18. After conducting a more careful inspection and assessment of the exterior damages, APEX prepared an estimate for the exterior damages on August 9, 2021 in the amount of $5,088,014.21.

19. After receipt of APEX's estimate UBSE returned to the property on October 26, 2021 and prepared a substantially similar report to the first one they prepared in June of 2021 discounting the damages as being caused by the Freeze.

20. On May 25, 2022 Holberton and APEX made joint inspections of the properties reaching tentative agreements on the exterior damages but D'Brook replaced Holberton before payment could be made by **GENERAL STAR**.

21. D'Brook then assigned Kevin Patrick (Patrick) on July 12, 2022 to conclude the claim.

22. On August 2, 2022 D'Brook issued an estimate for the exterior damages in the amount of $824,321.38.

23. Patrick, Windham and APEX conducted additional inspections of the properties on September 15, 2022.

24. During these inspections Patrick informed APEX that they would not honor any prior discussions for settlement and would stick with Windham's findings and their estimate of August 2, 2022.

25. On October 11, 2022 Patrick informed APEX that his "position on the exterior remains, for the most part, unchanged" and that he disagreed with the "scope and level of damage" presented by APEX.

26. After adjusting their assessment for work performed by others, APEX has revised their estimate for the exteriors and that estimate amounts to $4,787,819.84

27. Neither Patrick, D'Brook or **GENERAL STAR** have provided correspondence of any kind to Plaintiff indicating what portions of the policy exclude the damage claimed.

28. To date Defendant **GENERAL STAR** has failed to meet the basic obligations to the Plaintiff, which include conducting an investigation into the cause of loss, issuing timely

payment for undisputed damages, issuing payment for all lines of coverage owed under the policy, furnishing a written explanation of which items are covered under the previously issued payment, and failing to confirm or deny the claim within a reasonable amount of time.

29. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the Defendant, **GENERAL STAR** insurance policy.

30. Defendant, **GENERAL STAR**, acting through its agents, servants, representatives, and employees have failed to properly investigate, evaluate and adjust Plaintiff's claims for benefits in good faith and has further failed to deal fairly with Plaintiff.

31. Defendant, **GENERAL STAR** has failed and refuses to evaluate the information surrounding facts regarding Plaintiff's covered claims, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

32. Defendant, **GENERAL STAR**, failed or refused and continues to fail or refuse to pay covered claims on a timely basis as required by the insurance contract and as required by the Texas Insurance Code. Instead, **GENERAL STAR** has wrongfully delayed or denied claims when liability for coverage under the policy was reasonably clear.

33. In contrast, Plaintiff has cooperated with every request made by Defendant, **GENERAL STAR** and has displayed, at reasonable times, all its relevant records, documents, buildings and contents that are subject of this catastrophic loss.

34. Defendant, **GENERAL STAR** has persisted in delay or denial to pay the full amounts due for Plaintiff's claims even though a person of ordinary prudence and care would have done otherwise.

35. No reasonable basis exists for Defendant, **GENERAL STAR** to delay and/or refuse to provide covered benefits due and owing under the insurance policy in question.

36. No reasonable basis exists for Defendant, **GENERAL STAR** to delay and/or refuse to pay covered benefits due and owing under the insurance policy in question.

37. Defendant, **GENERAL STAR** has misrepresented to Plaintiff that the damages to the property were not due to the covered peril from the storms of February 16, 2021, even though the damages were caused by covered perils.

38. Defendant, **GENERAL STAR** failed to make an attempt to settle the claim in a fair manner, although Defendant, **GENERAL STAR** was aware of the liability to the Plaintiff under the policy in violation of Texas Unfair Competition and Unfair Practices Act. Tex. Ins. Code Sec.541§060(2).

39. Defendant, **GENERAL STAR,** refused and/or failed to properly evaluate the obvious damages to Plaintiff's property, forcing the Plaintiff to hire its own experts and incur additional expenses.

40. Defendant, **GENERAL STAR**, after conducting inspections of the damaged insured property and after having received Plaintiff's information regarding the damages, refused and/or failed to pay undisputed monies/funds owed to Plaintiff.

41. Defendant, **GENERAL STAR,** refused to fully compensate Plaintiff, under the terms of the policy, even though **GENERAL STAR,** failed to conduct a reasonable investigation, in violation of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

42. Defendant, **GENERAL STAR,** performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. **GENERAL STAR,** conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* Tex. Ins. Code Section 541.060(7).

43. Defendant, **GENERAL STAR,** failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant, **GENERAL STAR,** has delayed full payment of Plaintiff's claims longer than allowed and to date Plaintiff has not yet received full payment for the claim. Defendant, **GENERAL STAR** is in violation of the *Texas Prompt Payment of Claims Act.* Tex. Ins. Code. Section 542.055.

44. From and after the time Plaintiff's claim was presented to **GENERAL STAR**, the liability of **GENERAL STAR** to pay the full claims in accordance with the terms of the policy was reasonably clear. However, **GENERAL STAR** has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

45. As a result of Defendant's acts and omissions, Plaintiff was forced to retain the undersigned attorney who is representing Plaintiff in this cause of action.

46. Plaintiff's experience is not an isolated case. The acts and omissions committed by Defendant, **GENERAL STAR,** in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant, **GENERAL STAR,** with regard to handling these types of claims. Defendant, **GENERAL STAR's,** entire process is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholders.

### H. CAUSES OF ACTION AGAINST DEFENDANT, GENERAL STAR - COUNT I - BREACH OF CONTRACT

47. Plaintiff incorporates the foregoing allegations by this reference.

48. Plaintiff and Defendant **GENERAL STAR** executed a valid and enforceable written insurance contract providing insurance coverage to the insured location at 701 Legacy

Drive, Bldgs. 1-47, Collin County, Plano, TX 75023, from the peril of freeze among other perils. Defendant has a complete copy of the policy in its possession.

49. All exterior damages to Plaintiff's property were caused by a direct result of a peril for which Plaintiff insured pursuant to the policy herein, freeze damage.

50. Defendant, **GENERAL STAR** sold this policy insuring the property in its "as is" condition, insuring the property that is the subject of this lawsuit to Plaintiff.

51. Plaintiff suffered a significant loss with respect to the property at issue and additional expenses as a result of the freeze damage.

52. Plaintiff submitted a claim to Defendant, **GENERAL STAR** pursuant to the contract of insurance for damages as a result of the freeze damage.

53. Plaintiff provided Defendant, **GENERAL STAR**, with proper notice of damage to the exteriors of the insured property.

54. **GENERAL STAR** by and through its adjusters failed to properly evaluate the damages resulting from the covered cause of loss, freeze.

55. **GENERAL STAR** by and through its adjusters failed to retain the appropriate experts and/or consultants to evaluate the freeze damages to the exteriors of the subject property.

56. As of this date, **GENERAL STAR** by and through its adjusters have failed to pay for the freeze related exterior damages to Plaintiff.

57. Plaintiff has attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the **GENERAL STAR,** insurance policy.

58. Defendant, **GENERAL STAR**, acting through its agents, servants, representatives, and employees has failed to properly investigate, evaluate and adjust Plaintiff's claims for benefits in good faith and have further failed to deal fairly with Plaintiff.

59. Defendant, **GENERAL STAR** has failed and refused to evaluate the information surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees, or consultants.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR CLAIMS PRACTICES ACT

60. Plaintiff incorporates the foregoing allegations by this reference.

61. Defendant, **GENERAL STAR,** is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151.

**GENERAL STAR's** conduct constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. Tex. Ins.

(1) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

62. Defendant, **GENERAL STAR**, misrepresented the insurance policy to the Plaintiff and is in violation of Tex. Ins. Code Sec. 541.061 et seq.

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4) making a material misstatement of law; or

(5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

63. Defendant, **GENERAL STAR's**, unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

64. Plaintiff incorporates the foregoing allegations by this reference.

65. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

66. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the DTPA sec. 17.50(a)(1)(3) in that Defendant took advantage of Plaintiff's lack of Knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chap. 541, Texas Insurance Code.

## COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

67. Plaintiff incorporates the foregoing allegations by this reference.

68. Defendant, **GENERAL STAR's**, conduct, as specifically described herein constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff pursuant to the insurance contract.

69. Defendant, **GENERAL STAR's**, conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

70. Defendant, **GENERAL STAR's**, failure as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## I. KNOWLEDGE AND INTENT

71. Each of the acts described above, together, and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## J. DAMAGES AND PRAYER

72. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff herein, complains of Defendant and prays that, Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recovers from Defendant the following:

73. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

74. For breach of contract by Defendant, **GENERAL STAR.** Plaintiff is entitled to regain the benefit of its bargain, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, together with attorney's fees, Pursuant to Tex. Civ. & Rem. Code Sec. 38.01 *et seq*.

75. For noncompliance with the Texas Unfair Competition and Unfair Practices Act by Defendant, **GENERAL STAR**, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** its actual damages, Pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq*.

76. For violation of the Texas Deceptive Trade Practices Act by Defendant **GENERAL STAR,** Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff ask for **three (3)** times its actual damages, Pursuant to Tex. Ins. Code Ann. Section 17.50(b)(1).

77. In order to punish Defendant, **GENERAL STAR** and to set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages should be awarded. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate to accomplish these goals.

78. For violation of the Common Law Duty of Good Faith and Fair Dealing by Defendant, **GENERAL STAR,** Plaintiff is entitled to actual Damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

### K.   JURY DEMAND

79. Plaintiff respectfully demands a **trial by jury**.

### L.   REQUEST FOR DISCLOSURE

80. Pursuant to Rule 194, you are requested to disclose, within **fifty (50)** days of service of this request, the information or material requested in Rule 194.2(a)-(l).

Dated: February 15, 2023

Respectfully submitted,

MERLIN LAW GROUP, P.A.

/s/ Javier Delgado
**Javier Delgado**
Texas State Bar No. 24066339
**Etienne M. Font**
Texas State Bar No. 24126796
**W. Anthony Loe**
Texas State Bar No. 24128045
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
Tel: (713) 626-8880 / Fax: (713) 626-8881
jdelgado@merlinlawgroup.com
jdteam@merlinlawgroup.com
**ATTORNEYS FOR PLAINTIFF**

A True Copy Attest: Process Server